This is a case to construe an agreement for the sale of real estate taken in connection with a supplemental agreement thereto. The facts are that the complainant entered into an agreement with Samuel Klausner to purchase certain property and paid a deposit of $500. She was unable to consummate the transaction for lack of funds. She asked the defendant to make a loan of $3,000 to her and take a mortgage, but the defendant declined. Then complainant assigned her contract to the defendants, and a final agreement was entered into for the purpose of securing a return to complainant of such sums of money as she had contributed to the purchase price and a share of the profits. Defendants paid $3,000 for the purchase price, executed a building and loan mortgage for $9,500 and a second mortgage for $1,500 and received an absolute deed from Klausner. Complainant contributed $1,765, or thereabouts, to the purchase price. Defendants collect the rent and pay the dues on the building and loan mortgage. Complainant occupies a flat without rent and pays for repairs, interest and other charges. The complainant contends that her agreement is, in fact, a mortgage, and that to require her to pay the defendant $4,000 would be usury. I do not think that this is so. The agreement speaks for itself, and if the complainant, in her strained financial circumstances, was willing to enter into an agreement with the defendant whereby each should place in the property certain moneys and each should assume certain responsibilities, the fact that the financial consideration was $4,000 does not affect its legality. The complainant found herself in a position where she was unable to consummate *Page 206 
an agreement she had made and was in danger of losing her deposit, and therefore she made arrangements, is above stated, with the defendant to protect herself.
The agreement seems to be an option given to complainant to purchase the interest of defendants for $4,000, and upon her failure to exercise this option the defendants have the right to sell the property for the best price obtainable and account to the complainant for all the proceeds of the sale in excess of $4,000. There must be clear, unequivocal and convincing parol evidence to justify the court in assuming that an instrument is not what it purports to be. Cake v. Schull, 45 N.J. Eq. 208.
I will advise a decree dismissing the bill, with costs.